UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x

LASER LITE ELECTRICAL INC.,

                        Plaintiff,                **MEMORANDUM & ORDER**

             v.                             12-CV-3347 (PKC)

UNITED WELFARE FUND-WELFARE AND
SECURITY DIVISIONS, AND LOCAL 363
UNITED SERVICE WORKERS UNION,
INTERNATIONAL UNION OF JOURNEYMEN
AND ALLIED TRADES,

                        Defendants.
-------------------------------------------------------------

UNITED WELFARE FUND-WELFARE AND
SECURITY DIVISIONS, AND LOCAL 363
UNITED SERVICE WORKERS UNION,
INTERNATIONAL UNION OF JOURNEYMEN
AND ALLIED TRADES,

                        Counterclaim Plaintiffs,

             v.

LASER LITE ELECTRICAL INC.,

                        Counterclaim Defendant,
-------------------------------------------------------------x

PAMELA K. CHEN, United States District Judge:

      This action was initiated by Laser Lite Electrical Inc. ("Laser Lite") on June 13, 2012 in the Supreme Court of the State of New York. (Dkt. 1 ¶ 1.) Thereafter, Defendants United Welfare Fund-Welfare and Security Divisions, and Local 363 United Service Workers Union, International Union of Journeymen and Allied Trades (hereinafter, either "Funds" and "Local 663" or, collectively, the "Union") removed the action to this Court and asserted counterclaims against Laser Lite pursuant to Sections 502(a)(3) and 515 of the Employee Retirement Income

2

Security Act of 1974, as amended ("ERISA"), 29 U.S.C. §§ 1132(a)(3), 1145, and Section 301 of the Labor Management Relations Act of 1947, 29 U.S.C. § 185 for monetary relief under ERISA and for breach of contract, and to compel an audit of the books and records of Laser Lite. (Dkts. 1 & 5.) Specifically, the counterclaim sought to collect delinquent contributions owed to the Funds and membership dues owed to the Union by Laser Lite. (Dkt. 5.) It also sought interest on the unpaid contributions, liquidated damages as provided for by law, and for attorney's fees and costs incurred by the Funds pursuant to statute and the trust agreements of the Funds. (*Id.*)

On October 22, 2013, the Union moved for summary judgment, which was fully briefed by the parties. (Dkts. 16-24 & 26.) The Court subsequently heard oral argument on the motion and granted the Union's motion for summary judgment in its entirety. On September 5, 2014, the Clerk of Court entered a judgment against Laser Lite in the amount of $9,066.33 in favor of the Fund and $9,112.40 in favor of Local 363, plus any post-judgment interest pursuant to 28 U.S.C. § 1981. (Dkt. 28).

The Union now seeks to recover attorney's fees and costs incurred in connection with this action pursuant to 29 U.S.C. § 1132(g)(2)(D). (Dkt. 29). The Union requests an award of $29,715.00 in attorney's fees and $350.00 in costs. Laser Lite has not responded to the Union's application.

Calculating the award based on the lodestar method and consistent with Second Circuit precedent, the Court awards the Union $21,655.00 in attorney's fees and $350.00 in costs.

*DISCUSSION*

ERISA provides that in a successful suit for recovery of unpaid contributions, "the court shall award the plan . . . reasonable attorney's fees and costs of the action, to be paid by the defendant." 29 U.S.C. § 1132(g)(2)(D); *accord Iron Workers Dist. Council v. Hudson Steel*

*Fabricators & Erectors, Inc.*, 68 F.3d 1502, 1506 (2d Cir.1995) (noting that "the award of attorney fees [is] mandatory for suits involving delinquent employers" under ERISA section 502(g)(2)(D)). Although the award itself is mandatory, the amount of any such award rests within the Court's discretion. *Annuity, Welfare & Apprenticeship Skill Improvement & Safety Funds v. Eastport Excavation & Utils., Inc.*, 3 F.Supp.3d 204, 220 (S.D.N.Y. 2014) (citations omitted). A judgment having been entered in the Union's favor, there is no question that the Union is entitled to an award of reasonable attorney's fees and costs.

Reasonable Attorney's Fees

In the Second Circuit, the "lodestar," *i.e.*, multiplication of a reasonable hourly rate by the reasonable number of hours required by the case, is the starting point for determining the amount of a "presumptively reasonable fee." *Stanczyk v. City of New York*, 752 F.3d 273, 284 (2d Cir. 2014); *Millea v. Metro–N. R .R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011). District courts have broad discretion, using "their experience with the case, as well as their experience with the practice of law, to assess the reasonableness" of each component of a fee award. *Fox Indus., Inc. v. Gurovich*, 2005 WL 2305002, at *2 (E.D.N.Y. Sept.21, 2005) (quoting *Clarke v. Frank*, 960 F.2d 1146, 1153 (2d Cir.1992)). Reasonable hourly rates are informed in part by the rates "prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Luciano v. Olsten Corp.*, 109 F.3d 111, 115 (2d Cir. 1997) (internal quotation marks omitted). A district court should "bear in mind all of the case-specific variables that [the court] and other courts have identified as relevant to the reasonableness of attorney's fees in setting a reasonable hourly rate." *Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany and Albany County Bd. of Elections*, 522 F.3d 182, 190 (2d Cir.2008). "[A] presumptively reasonable [attorney's] fee "boils down to 'what a reasonable, paying client would

be willing to pay,' given that such a party wishes 'to spend the minimum necessary to litigate the case effectively.'" *Simmons v. New York City Transit Authority*, 575 F.3d 170, 174 (2d Cir. 2009) (quoting *Arbor Hill*, 522 F.3d at 112, 118).

A fee applicant bears the burden of demonstrating the hours expended and the nature of the work performed through contemporaneous time records that describe with specificity the nature of the work done, the hours, and the dates. *New York State Ass'n for Retarded Children, Inc. v. Carey*, 711 F.2d 1136, 1147–48 (2d Cir.1983). The absence of contemporaneous records precludes any fee award in all but the most extraordinary of circumstances. *Scott v. City of New York*, 626 F.3d 130, 133–34 (2d Cir. 2010). If a court finds that claimed hours are "excessive, redundant, or otherwise unnecessary," it should exclude those hours in calculating a fee award. *Hensley*, 461 U.S. at 434; *accord Quaratino v. Tiffany & Co.*, 166 F.3d 422, 426 n. 6 (2d Cir. 1999).

In support of its application for fees and costs, the Union has submitted to the Court the declaration of attorney Matthew P. Rocco ("Rocco"), along with Rocco's contemporaneous billing records setting forth the dates and amount of time during which services were rendered, the rate at which the services were charged, and a description of the services performed. (Dkts. 30, 30-1). The Union's application seeks attorney's fees in the amount of $29,175.00, representing 80.60 hours of work performed by Rocco over the course of two years, beginning in September 2012 at an hourly rate of $350 for 20.4 hours of work performed prior to June 18, 2013, and an hourly rate of $375 for 60.2 hours of work performed thereafter. (Dkt. 30-1 at ¶ 21).[1] According to Rocco's declaration, he graduated in 2007 from the Benjamin N. Cardozo School of Law and is employed as a Senior Associate at the Law Offices of Richard M.

---

[1] The Union does not offer any rationale for the increase in Rocco's hourly rate on June 18, 2013. (*See* Dkt. 30 at ¶¶ 16, 20, 21; Dkt. 30-1 at 2).

5

Greenspan. (*Id.* at ¶ 18). Rocco "spent considerable time handling lawsuits filed under ERISA" at his current and former firm, and has represented clients on a broad array of ERISA claims "[o]ver the last several years." (*Id.* at ¶¶ 19-20).

The Court reviewed the Union's submissions and finds that the time expended here, 80.60 hours, is reasonable for a case that proceeded to summary judgment. *See Trustees of Local 531 Pension Fund v. Flexwrap Corp.*, 818 F. Supp. 2d 585, 591 (E.D.N.Y. 2011) (82 hours to litigate ERISA matter through summary judgment was a reasonable amount of time). Rocco's billing records provide adequately detailed explanations of the tasks he performed, and the time spent on each task. The billing records disclose no unnecessary duplication of effort, and the time spent on the tasks described do not appear to be excessive. The Court additionally observes that the Union voluntarily excluded hours spent preparing the fee application, as well as time spent preparing for and appearing at the September 3, 2014 oral argument on the summary judgment motion. (Dkt. 29-1 at ¶ 22). The number of hours expended on this case by the Union's attorney is accordingly approved.

However, the Court finds that the proposed hourly rates of $350 and $375 for Rocco's services are higher than those typically approved in this district for similarly experienced attorneys working on comparable matters, including ERISA actions that involve summary judgment motion practice. *See, e.g.*, *Trustees of Plumbers Local Union No. 1 Welfare Fund, et al v. Temperin Mech., Inc.*, 2014 WL 4678025, at *3 (E.D.N.Y. Sept. 19, 2014) (approving hourly rate of $200-$250 for associates who regularly represent multiemployer employment benefit plans in ERISA litigation, in case that proceeded to summary judgment); *Int'l Longshoremen's Ass'n, AFL-CIO v. Am. Stevedoring, Inc.*, 2014 WL 198816, at *5 (E.D.N.Y. Jan. 15, 2014) (finding that rate of $300 per hour for associate with 17 years relevant experience

to be reasonable in ERISA action that involved motion for summary judgment); *Duffy v. v. Modern Waste Servs. Corp.*, 2013 WL 3759792, at *8 (E.D.N.Y. July 12, 2013) (approving hourly rates of $235 for partner with 24 years' experience and $157 for associate with about 6 years' experience in ERISA case involving successful motions for summary judgment and contempt); *LaBarbera v. Ovan Const., Inc.*, 2011 WL 5822629, at *5 (E.D.N.Y. Sept. 20, 2011), *report and recommendation adopted*, 2011 WL 5825785 (E.D.N.Y. Nov. 16, 2011) (approving hourly rates of $280 for associate with eight years' relevant experience and $390 for partner with over 20 years' experience, in ERISA case involving discovery, a summary judgment motion, and an inquest on damages after default); *Trustees of Local 531 Pension Fund v. Flexwrap Corp.*, 818 F. Supp. 2d 585, 591 (E.D.N.Y. 2011) (approving $250 an hour for partners and associates in ERISA case involving summary judgment motion); *Finkel v. Fred Todino & Sons, Inc.*, 2010 WL 4646493, at *6 (E.D.N.Y. Oct. 8, 2010) *report and recommendation adopted*, 2010 WL 4673961 (E.D.N.Y. Nov. 3, 2010) (finding hourly rates of $375 for partners and $275 for associates to be reasonable but on "higher end" in ERISA case involving unopposed motion for summary judgment).

Counsel has not adequately justified higher rates than those usually approved in the Eastern District. In support of its application, the Union relies on cases that approved hourly rates lower than the proposed $350 and $375. (Dkt. 29-1 at 5 (citing, *e.g.*, *Ritz v. Mike Rory Corp.*, 2014 U.S. Dist. LEXIS 124351 (E.D.N.Y. July 30, 2014) ($300 per hour for senior associate)).) For instance, in *Trustees of the Local 813 Ins. Trust Fund v. Tres Chic, Ltd.*, 2010 WL 3782033, at *4 (E.D.N.Y. Aug. 16, 2010), *report and recommendation adopted as modified*, 2010 WL 3746942 (E.D.N.Y. Sept. 20, 2010), a court in this district recommended reducing the hourly rate of an associate "with more than twenty years['] experience litigating employee

7

benefit cases" from a proposed $425 to $250 per hour for work in connection with an ERISA default action. The Union also cites to an ERISA case in which the Southern District approved an hourly rate of $500 for a senior associate, but fails to note that the senior associate in that case had twenty-two years' of legal experience, more than a decade's worth of experience than Rocco, who graduated in 2007 and worked on this case as a fifth to seventh-year associate. (*See* Dkt. 29-1 at 5 (citing *Demonchaux v. Unitedhealthcare Oxford*, 2014 WL 1273772, at *7 (S.D.N.Y. Mar. 27, 2014)).)

Although this case involved removal of Laser Lite's petition to stay arbitration from state court and proceeded to summary judgment in this forum (*see* Dkt. 30 at ¶ 10), the issues involved were straightforward in nature. The dispositive issue in this case was whether the collective bargaining agreement was terminated. That issue hinged on whether Laser Lite provided a required resignation letter ninety days prior to the expiration of the collective bargaining agreement. (Dkt. 32 (Tr. of Sept. 3, 2014 hearing) at 30.) The Court held a hearing to consider this question, and ultimately ruled in favor of the Union from the bench. (*See id.* at 31-34). There was no dispute on the amount of damages, as Laser Lite did not contest the damage amount calculated by the Union's audit. (*Id.* at 34.)

Based on the foregoing, the Court finds that a reduction in the proposed hourly rates is appropriate. Rocco's time shall be calculated at an hourly rate of $250 for the 20.4 hours of work performed prior to June 18, 2013, and at an hourly rate of $275 for the 60.2 hours of work performed thereafter. *See Ferrara v. Oakfield Leasing Inc.*, 904 F. Supp. 2d 249, 274 (E.D.N.Y. 2012) (following resolution of a summary judgment motion in an ERISA case, Court found that generally, the "fair and reasonable attorneys' fees within this forum are . . . $350 per hour for partners; $275 per hour for senior associates; $225 per hour for junior associates; and $90 per

hour for paralegals and law clerks") (collecting cases); *see also Gagasoules v. MBF Leasing LLC*, 2013 WL 1760134, at *3 (E.D.N.Y. Apr. 24, 2013) ("In the Eastern District of New York . . . hourly rates range from approximately $300 to $400 per hour for partners, [and from] $200 to $300 per hour for senior associates . . . .") (internal quotation marks and citation omitted).

Based on the hourly rates set forth above and the number of hours billed in this matter, the Court awards the Union $21,655.00 in attorney's fees.

Reasonable Costs

The Union also seeks to recover the $350.00 cost it incurred to file this case. (Dkt. 29 at 6.) As stated above, ERISA provides that a court shall award a successful plaintiff "reasonable . . . costs of the action." 29 U.S.C. § 1132(g)(2)(D). Filing fees are specifically included in the statute, and therefore the Union may recover them. 28 U.S.C. § 1920; *Finkel v. Triple A Group, Inc.*, 708 F.Supp.2d. 277, 290(awarding $818.53 in costs for filing fees, service, postage, and photocopying). Accordingly, the Court awards the Union $350.00 in costs.

## *CONCLUSION*

For the reasons stated above, the Union is entitled to $21,655.00 in attorney's fees and $350.00 in costs, for a total judgment against Laser Lite in the amount of $22,005.00. The Clerk of Court is respectfully requested to enter judgment.

SO ORDERED:

/s/ Pamela K. Chen
PAMELA K. CHEN
United States District Judge

Dated: February 3, 2015
      Brooklyn, New York